Per Curiam.

In this personal injury action plaintiff originally retained respondent as his attorney. Another attorney has been substituted and on the motion for substitution the order appealed from was entered fixing respondent’s lien at 25% of any recovery, exclusive of disbursements. The substituted attorney claims that the percentage awarded to respondent is too high for the services rendered, while respondent maintains that his contribution to the probable successful outcome of the action has been modestly appraised by the percentage fixed. He had requested that his percentage be fixed at 35%.
While plaintiff is nominally the appellant, it is clear that this appeal is a contest between the attorneys over the division of the attorney’s fees to be paid in the action. A disposition should be made which is as fair as possible as between the two attorneys, but the matter gives us an equal or paramount concern for plaintiff’s interests.
Both attorneys have the case on a contingent fee basis. The retainer of respondent provided for his compensation on the basis of 50% of any sum recovered by suit or settlement. The retainer of the substituted attorney provides that his compensation shall be one half of any verdict or settlement, subject to respondent’s lien. As phrased by the statement of retainer filed by the substituted attorney in this case, his compensation is to be 50% of any amount recovered by way of settlement or suit, less lien of superseded attorney. We assume that by this latter retainer it was intended that any amount payable to respondent under his lien would come out of the 50% of any recovery accruing to the substituted-attorney, without plaintiff’s share suffering any diminution by reason of respondent’s lien. In other words, both attorneys are to be compensated out of half of the recovery. If this is not clear in the retainer of the substituted attorney, we hereby make it clear.
As to the appropriate division of the attorneys’ 50% between them, it is difficult to determine at this stage what a fair division would be. As respondent has requested a percentage, we do not have the problem of fixing a dollar quantum meruit based strictly on a narrow view7 of the case to date, but we are enabled and obliged to view7 the case as a whole and respondent’s contribution to it, although that presents its own difficulty of prospective evaluation. Appellant suggests that little has been done by respondent and that such preliminary work as the latter has performed does not qualitatively or quantitatively compare with the legal work which remains to be done. Respondent, on the other hand, contends that he has done all the work preliminary *226 to trial and has laid the groundwork for a prompt settlement. Without knowing whether the case will be tried or settled or what the result will be or the contribution of each attorney to it, either in the amount or character of the work performed, the apportionment of the fee cannot satisfactorily be made. We think that the value of respondent’s services can more fairly to him and to the substituted attorney be appraised and ascertained at the conclusion of the case. The substituted attorney can have no complaint of this procedure and respondent, who is perforce required to await the outcome of the litigation for the determination of the amount of his fee, is not prejudiced by this postponement of the determination of his percentage as well as the amount.
This case has drawn to our attention what appears to be a growing practice of attorneys in personal injury actions requiring retainers of 50% from their clients irrespective of the services involved. We think the time has come, in the interest of the profession as well as those it serves, to express our disapproval of that practice.
We do not mean to suggest that there may not be exceptional cases where by reason of appeals, retrial or other circumstances the compensation of the attorney might appropriately come to as much as 50% of the recovery. Such cases will be few. Any practice of arbitrarily charging 50% of the recovery, regardless of trial or settlement or the nature or amount of services entailed or of the recovery obtained, can hardly be justified professionally or socially. We recognize the practical necessity and desirability of contingent fee arrangements and think it proper that the fee be larger than it would be if assured, but after due allowance is made for the contingent feature, it is neither fair nor proper to place all cases on an absolute 50% basis, without allowing for other contingencies which should enter into the fixing of a fee, such as the nature and amount of the services rendered and the amount of the recovery.
This subject has given the court concern for some time. We have taken the occasion to express our views with the hope that the members of the bar will of their own volition and in co-operation revise the retainer practice to establish more equitable contingent fee arrangements.
The order appealed from should be modified to give respondent a lien on any recovery, exclusive of disbursements, in an amount to be fixed by the court at the conclusion of the litigation and, as so modified, should be affirmed, without costs and with *227 the disbursements of both attorneys on this appeal to be paid out of their share of any recovery.
Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously modified insofar as to give respondent a lien on any recovery, exclusive of disbursements, in an amount to he fixed by the court at the conclusion of the litigation and, as so modified, affirmed, without costs and with the disbursements of both attorneys on this appeal to be paid out of their share of any recovery. Settle order on notice.